UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PATRICK GRADY LeBLANC** | **CIVIL ACTION NO. 3:15-cv-1182** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JACKSON PARISH CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Patrick Grady LeBlanc, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 20, 2015. (The complaint was filed in the United States District Court for the Eastern District of Louisiana and transferred to this Court on April 13, 2015.) At all times pertinent to this complaint, plaintiff was a pre-trial detainee in custody at the Jackson Parish Correctional Center (JPCC). He claimed that he was assaulted by inmates and then denied medical care for the injuries he sustained. He sued JPCC, LaSalle Management Co., and the Jackson Parish Sheriff's Office seeking money damages for injuries, pain and suffering, anxiety and stress and also punitive damages.

On May 27, 2015, the undersigned completed an initial review and plaintiff was directed to amend his complaint within 30 days or on or before June 26, 2015. Among other things, the amend order noted that plaintiff sued three defendants, two of which, the JPCC and the Sheriff's Office, were not juridical persons capable of being sued; and with respect to the third defendant, LaSalle Management Co., the Amend Order noted that plaintiff failed to allege any fault on the

part of the corporate entity.[1]

Plaintiff did not respond to the Amend Order, and, in fact, has not been in contact with the Court since May 6, 2015, when he submitted his complaint and application to proceed in forma pauperis on the forms provided by this Court. [Docs. 11 and 12]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v.*

---

[1] The Amend Order noted, "Plaintiff has identified three defendants, the JPCC, the LaSalle Management Co., and the Jackson Parish Sheriff's Office.

Fed.R.Civ.P. Rule 17(b) provides that the 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.' Thus, Louisiana law governs whether the JPCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a 'juridical person.' This term is defined by the Louisiana Civil Code as '... an entity to which the law attributes personality, such as a corporation or partnership.' La. Civ.Code Ann. art. 24. It does not appear that the JPCC is a juridical person and therefore plaintiff's claims against this defendant are subject to dismissal.

Likewise, a Louisiana parish sheriff's office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

Finally, with respect to LaSalle Management, plaintiff has alleged no fault on the part of this corporate defendant." [Doc. 15]

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded the order to amend.[2]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[2] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to cure the defects noted in the order; however, he has failed to do so within the time limitation provided. Finally, it must be assumed that plaintiff no longer desires to prosecute this action since he has not been in contact with the Court since May 6, 2015, the date he submitted his application to proceed in forma pauperis and amended complaint.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 23, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**